IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | |
|---|---|
| ASENCION GAONA, PRO SE, <br> TDCJ-CID # 656950, <br> Previous TDCJ-CID # 581565, <br><br> Plaintiff, <br><br> v. <br><br> M.C. ERWIN, IV, <br> T. HENDRICK, and <br> BRUCE E. ZELLER, <br><br> Defendants. | § § § § § § § § § § § § § § <br><br> 2:05-CV-0180 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff ASENCION GAONA, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Plaintiff complains that he received a false disciplinary case for making an unauthorized commodity exchange based on personal letters found in search of his cell on December 13, 2004. Plaintiff suffered a confiscation of money, recreation and commissary restriction and reduction of his classification status from S-4 to L-2. He was also subsequently denied parole and suffered emotional distress and anguish. Plaintiff includes a vague and conclusory allegation that the disciplinary case was written to ensure his denial of parole.

Plaintiff requests restoration of his classification status, compensatory damages

for the confiscated property, lost opportunity of parole, and emotional anguish, and punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990); or to support claims of malice, *Al-Ra'id v. Ingle*, 69 F.3d 28 (5th Cir. 1995). Further, a district court must

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

insist that a plaintiff suing a public official under section 1983 file a short and plain statement of his complaint, which statement must rest on more than mere conclusions. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Implicit in plaintiff's vague allegation that the false disciplinary case was written to cause his denial of parole is a claim of conspiracy and malicious intent by the defendants; however, plaintiff has not alleged a single material fact to support such a claim. Consequently, plaintiff has failed to state a claim of conspiracy and malice on which relief can be granted.

To the extent plaintiff simply alleges the case was false, the initiation of charges without probable cause is the core of malicious prosecution, but the Fifth Circuit does not recognize any freestanding claim under section 1983 for malicious prosecution. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). An inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim unless an underlying constitutional violation is identified. Plaintiff has presented nothing to supply the necessary underlying constitutional violation, and his claim of malicious prosecution, therefore, lacks an arguable basis in law and is frivolous. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

Lastly, to the extent plaintiff seeks to challenge the due process afforded him in connection with the disciplinary case, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the ambit of a prisoner's potential Fourteenth Amendment due process liberty claims has been dramatically narrowed and prisoners retain a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995). These will normally consist of deprivations which clearly

impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The denial of parole, as distinguished from the revocation of parole, does not amount to a loss of liberty in the due process context. *Greenhultz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Jackson v. Reese*, 608 F.2d 159 (5th Cir. 1979)(citing, in part, *Brown v. Lundgren*, 528 F.2d 1050 (5th Cir. 1976), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283)). Therefore, plaintiff's claims in this respect lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Plaintiff's claims are frivolous and fail to state a claim on which relief can be granted.

IT IS HEREBY ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S.

District Court for the Eastern District of Texas, Tyler Division.

        IT IS SO ORDERED.

        ENTERED this   26th   day of January, 2006.

                                         /s/ Mary Lou Robinson
                                         MARY LOU ROBINSON
                                         UNITED STATES DISTRICT JUDGE